UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE LUIS VILLANUEVA,<br><br>　　　　　　　　Plaintiff<br><br>　v.<br><br>CHARLES DANIELS, *et al.*,<br><br>　　　　　　　　Defendants | Case No. 2:21-cv-01436-CDS-DJA<br><br>**ORDER DISMISSING AND CLOSING CASE** |

　　　　Pro se plaintiff Jose Villanueva brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while he was incarcerated at High Desert State Prison. On November 8, 2022, the Court ordered Villanueva to file an updated address with the Clerk of the Court and to file an application to proceed *in forma pauperis* for a non-prisoner by December 8, 2022. ECF No. 17. The Court warned Villanueva that the failure to comply with the order could result in this action being dismissed without prejudice. *Id.* at 2. The deadline has expired, and Villanueva did not file his updated address with the Court, file an application to proceed *in forma pauperis* for a non-prisoner, or otherwise respond to the order.

I.　　DISCUSSION

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

merits, and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Villanueva's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Villanueva files his updated address with the Court and an application to proceed *in forma pauperis* for a non-prisoner, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II.    CONCLUSION

It is therefore ordered that this action is **DISMISSED without prejudice** based on plaintiff Jose Villanueva's failure to file his updated address with the Court and file an application to proceed *in forma pauperis* for a non-prisoner in compliance with this Court's November 8, 2022, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If plaintiff Villanueva wishes to pursue his claims, he must file a complaint in a new case.

The Clerk of the Court is directed to (1) electronically send this order to plaintiff Villanueva at the address listed for him with the Court in the ordinary course, and (2) send a courtesy copy of this order to: Jose Villanueva, care of New Hope/Well Care, 1308 Fremont Street, Las Vegas, NV 89101.

DATED: December 12, 2022

_____
Cristina D. Silva
United States District Judge