UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE LUIS VILLANUEVA,<br><br>                    Plaintiff<br><br>   v.<br><br>CHARLES DANIELS, *et al.*,<br><br>                    Defendants | Case No. 2:21-cv-01436-CDS-DJA<br><br>ORDER VACATING DISMISSAL ORDER AND JUDGMENT AND REOPENING CASE<br><br>[ECF No. 20] |

Eighteen days after I dismissed and closed this civil-rights action due to pro se plaintiff Jose Villanueva's failure to provide the court his updated address, Villanueva filed a motion asking the court to reschedule his mediation conference, explaining that he'd been paroled but returned to prison and only just learned that the conference had been vacated. ECF No. 20. I construe Villanueva's motion as seeking to vacate the dismissal order and judgment under Federal Rule of Civil Procedure 60(b)(1). Finding that the dismissal of this action is the product of Villanueva's excusable neglect, I vacate the dismissal order and judgment. I also give Villanueva an extension of time to either file a new fully complete application to proceed *in forma pauperis* (IFP) or pay the full $402 filing fee for a civil action. And I deny Villanueva's motion to reschedule his mediation conference without prejudice to his ability to renew that motion after he either properly applies for IFP status or pays the full filing fee.

I.      BACKGROUND

This action began when state prisoner Villanueva submitted a civil-rights complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. ECF Nos. 1, 1-1. In screening Villanueva's first amended complaint, I allowed his Eighth Amendment medical-indifference claim to proceed against defendant Michael Minev and referred this matter to the court's Inmate Early Mediation program. ECF No. 11. Magistrate Judge Albregts assigned the parties to a court-appointed mediator and scheduled a mediation conference to occur on November 4, 2022. ECF No. 15. Judge Albregts vacated the mediation conference after Villanueva, who had been paroled,

failed to respond to the court's order to contact the courtroom administrator to discuss logistics for his attending the conference. ECF No. 16. On November 8, 2022, Judge Albregts denied Villanueva's IFP application for an inmate and gave Villanueva until December 8, 2022, to file an IFP application for a non-prisoner and update his address with the court. ECF No. 17.

When Villanueva failed to timely respond to Judge Albregts's order, I entered an order dismissing Villanueva's claim without prejudice and closing this action. ECF No. 18. Judge Albregts's November 8, 2022, order and my dismissal order were sent to High Desert State Prison (HDSP) and courtesy copies were sent to the address that the court was informed Villanueva had been paroled to: 1308 Fremont Street, Las Vegas, NV 89101. ECF Nos. 17 at 2; 18. at 3. Eighteen days after the dismissal order, Villanueva filed a document titled "Motion to Reschedule Early Mediation." ECF No. 20. Villanueva argues that he was paroled to 1308 Fremont Street, #113, Las Vegas, NV 89101 on May 25, 2022, but his parole was revoked for failing to change his address, and he was returned to HDSP on November 2, 2022. *Id.* Villanueva states that he recently received Judge Albregts's order vacating the mediation, and thereafter sent me a letter about his case but received no response. *Id.* Villanueva asks the court to reschedule his mediation conference. *Id.* I construe Villanueva's motion as being brought under Rule 60(b)(1) and seeking to vacate the order and judgment dismissing and closing this action.

II.   DISCUSSION

"Rule 60(b)(1) of Civil Procedure provides that the court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). "Neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 308, 388 (1993) (examining excusable neglect in the bankruptcy context). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223–24 (citing *Pioneer*, 507 U.S. at 395; and *Briones v. Riviera Hotel & Casino*,

116 F.3d 379, 381–82 (9th Cir. 1997) (applying *Pioneer* factors to whether neglect is "excusable under Rule 60(b)(1)")). The Ninth Circuit has instructed that regardless of an action's particular circumstances, "it will always be a better practice for the district court to touch up and analyze at least all four of the explicit *Pioneer-Briones* factors[.]" *Lemoge v. United States*, 587 F.3d 1188, 1194 (9th Cir. 2009).

### A.    Prejudice to defendant

Prejudice results when a defendant's ability to pursue his defenses is hindered. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must cause tangible harm like the loss of evidence, increased difficulties performing discovery, or greater opportunity for fraud or collusion." *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Villanueva's Eighth Amendment medical-indifference claim alleges that he contracted hepatitis C while he was incarcerated at HDSP, was found to be a good candidate for the direct-acting antiviral treatment to cure his condition but denied treatment for a year despite experiencing serious symptoms because he did not qualify for it under Medical Directive 219, which Minev enacted, adopted, approved, or implemented. Thus, it appears that Villanueva's prison medical and grievance records are relevant to this claim, and relevant witnesses include prison staff who provided him medical care at HDSP in 2020 and 2021. Based on this record, I do not perceive that any evidence has yet been lost or that the defense could encounter increased difficulties performing discovery in this action because of the delay. Nor does there appear to be an increased risk of fraud or collusion. I find that this factor weighs in favor of finding excusable neglect.

### B.    Length of and reason for delay

Villanueva states that he was paroled in May 2022, which was shortly after he filed his first amended complaint but before I screened that pleading. *See* ECF Nos. 9, 11. Yet Villanueva never updated his address with the court. Villanueva states that he was returned to HDSP on November 2, 2022, after his parole was revoked. Judge Albregts's November 2 and 8, 2022,

orders and my December 12, 2022, dismissal order were electronically sent to HDSP. In a motion dated December 21, 2022, Villanueva states that he only just received an email from the court informing him that the mediation had been vacated, and that he sent me a letter around November 2, 2022, asking about the status of his case.

Villanueva does not give a reason for the delay responding to the court's orders and deadlines. The reason, it seems, is that Villanueva forgot to provide his updated address to the court when he was paroled and did not receive the court's mail to him until his parole was revoked and he was returned to prison. This leads me to suspect that it wasn't until after Villanueva's parole had been revoked and he was returned to prison that he cared to discover what had happened in this case. I stayed this action for over 90 days to allow the parties an opportunity to mediate with a court-appointed mediator. The court located and appointed a mediator and scheduled a mediation conference but vacated it when Villanueva failed to contact the court about how he could participate.

Just over one and a half months passed between the order vacating the mediation and Villanueva's instant motion. Villanueva argues that he moved quickly upon receiving notice that the mediation conference had been vacated. Villanueva's instant motion wasn't docketed until December 30, 2022, because he sent it to Nevada's Eighth Judicial District Court instead of this federal court. ECF No. 20 at 2. Although it is a close call, I find that Villanueva's neglect has not significantly delayed these proceedings and "[h]is errors resulted from negligence and carelessness, not from deviousness or willfulness." *See Bateman*, 231 F.3d at 1225.

C.   Bad faith

The last factor requires me to determine if Villanueva acted in bad faith when he failed to respond to the court's orders and meet its deadlines. Giving Villanueva the benefit of the doubt, he forgot to provide the court his updated address when he was paroled and assumed his first amended complaint was awaiting screening until he received notice after his parole had been revoked that mediation had been vacated. Villanueva quickly moved to reschedule the mediation consistent with the timeline he provides. I do not view the record as showing that Villanueva acted in bad faith here.

4

### III. CONCLUSION

It is therefore ordered that the motion to reschedule mediation conference [ECF No. 20] is construed as a motion to set aside the dismissal order and judgment under Rule 60(b)(1) for excusable neglect and **GRANTED in part and DENIED in part.**

It is further ordered that the dismissal order and judgment [ECF Nos. 18, 19] are **VACATED**.

It is further ordered that the request to reschedule the mediation conference is **DENIED without prejudice** to plaintiff Villanueva's ability to refile a motion seeking that relief after he either pays the full filing fee or properly applies to proceed *in forma pauperis.*

It is further ordered that plaintiff Villanueva has until **March 24, 2023** to either pay the full $402 filing fee for a civil action or file a new fully complete application to proceed *in forma pauperis* for an inmate with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period. Even if Villanueva has not been at HDSP for the previous six-month period, he must still submit both a financial certificate and an inmate account statement for the dates that he has been at the facility.

It is further ordered that the Clerk of the Court is instructed to (1) send plaintiff Villanueva the approved form application to proceed *in forma pauperis* for an inmate along with the information and instructions for filing the same and courtesy copies of his first amended complaint [ECF No. 9] and the July 13, 2022, screening order [ECF No. 11]; and (2) reopen this case.

DATED this 26th day of January, 2023.

_____
Cristina D. Silva
United States District Judge

5